CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 17, 2019

LETTER TO COUNSEL

    RE:    *Kenneth S. v. Commissioner, Social Security Administration*;
             Civil No. SAG-18-1574

Dear Counsel:

On May 31, 2018, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits ("DIB"). ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 17, 22, 23. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claim on September 4, 2015, alleging a disability onset date of April 1, 2013. Tr. 161-67. His claim was denied initially and on reconsideration. Tr. 92-95, 97-98. A hearing was held on March 28, 2017, before an Administrative Law Judge ("ALJ"). Tr. 30-61. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-29. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

Following a hearing largely focused on Plaintiff's visual impairments, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus type 2, diabetic retinopathy, and diabetic macular edema." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), but could occasionally lift and/or carry up to 20 pounds; frequently lift and/or carry up to 10 pounds; walk and/or stand for 6 hours of an 8-hour workday; sit for 6 hours of an 8-hour workday; push and/or pull with bilateral upper and lower extremities, but would be subject to postural limitations including never climbing ladders, ropes, or scaffolds; and occasionally climbing ramps or stairs and balancing, stooping, crouching, kneeling, or crawling; visual limitations to only occasional use of far acuity; and environmental limitations including avoiding all exposure to hazards and concentrated exposure to wetness. Tr. 21. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past

relevant work as a production planner. Tr. 24-25. Therefore, the ALJ concluded that he was not disabled. Tr. 25.

On appeal, Plaintiff argues that the ALJ erred by failing to consider whether Plaintiff met or medically equaled the requirements of Listing 8.04 (chronic infections of the skin or mucous membranes). For the reasons described below, the ALJ did not err, and even if error were deemed to have occurred, it does not warrant remand.

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19-21. The ALJ's decision noted that there is no specific listed impairment for diabetes mellitus, but that Listing 9.00B5 and Social Security Ruling 14-2p provide guidance for evaluating diabetes under the listings. Tr. 19. Those sources note that one set of listings to be considered for a claimant with diabetes is the "skin disorders listings (8.00)," when a claimant presents with evidence of "Slow-healing bacterial and fungal infections." SSR 14-2p, 2014 WL 2472008, at *6 (S.S.A. June 2, 2014). Specifically, Listing 8.04 requires evidence of "[c]hronic infections of the skin or mucous membranes, with extensive fungating or extensive ulcerating skin lesions that persist for at least 3 months despite continuing treatment as prescribed." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 8.04. Section 8.00C1 provides a definition of "extensive skin lesions" as follows:

> Extensive skin lesions are those that involve multiple body sites or critical body areas, and result in a very serious limitation. Examples of extensive skin lesions that result in a very serious limitation include but are not limited to:
>
> a. Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
>
> b. Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.
>
> c. Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

*Id.* § 8.00(C)(1).

The file in this case reflects that Plaintiff was treated for one skin ulcer that persisted for at least three months despite continuing treatment: a lateral left foot ulcer lasting from March 15, 2013 through July 26, 2013. His treatment included surgical debridement of the nonviable tissue, a forefoot offloading shoe and ankle ring, medications to fight infection and bacteria, weekly Oasis applications, and limited ambulation. Tr. 478, 474, 475, 470, 473, 467, 465, 462, 455, 458, 442. After that 2013 ulcer healed, Plaintiff did not seek further treatment for ulcers until 2015, and had no other ulcers lasting longer than one month in duration. Tr. 303-21; 431-34.

An ALJ must identify a relevant listing and compare each of the criteria to the evidence of the claimant's symptoms when there is "ample evidence in the record to support a determination" that the claimant's impairments meet or equal the listing. *Cook v. Heckler*, 783 F.2d 1168, 1172-73 (4th Cir. 1986). Remand is not warranted "in those circumstances where it is clear from the record which listing or listings . . . were considered," and the court can still "readily [] determine whether there was substantial evidence to support the ALJ's Step Three conclusion." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 522 (D. Md. 2002).

In Plaintiff's case, the ALJ discussed Plaintiff's history of care for his left foot in the step two analysis. Tr. 18-19. However, at step three, the ALJ did not expressly evaluate Listing 8.04, and the record suggests that the ALJ may have had a misimpression about the requirements of that listing. At the hearing, the ALJ told Plaintiff that the foot ulcer would have to render him "for one year not able to work" to qualify him for disability. Tr. 51-52. Plaintiff correctly notes that Listing 8.04 expressly limits the relevant duration requirement to more than three months for "extensive skin lesions." ECF 17-1 at 16-17. However, despite the apparent misimpression regarding duration, the ALJ had no duty to identify and evaluate Listing 8.04, because there is not ample evidence in the record to support a determination that Plaintiff's impairments meet or equal that listing. On its face, Listing 8.04 is written in the plural, and requires a claimant to have more than one lesion persisting more than three months. The plural words "infections" and "lesions," in addition to the word "extensive," in Listing 8.04, along with the definition of "extensive skin lesions" at § 8.00C1, all require more than a single lesion. Although Plaintiff correctly notes that § 8.00C1 provides an inexhaustive list of examples of "extensive skin lesions," each of the examples requires more than one lesion. In the absence, then, of ample or any evidence suggesting that Plaintiff's single skin lesion that lasted more than three months met or equaled the listing requirements, the ALJ did not have to identify or evaluate Listing 8.04.[1] Even if the failure to identify the listing were deemed erroneous, the error would be harmless because Plaintiff's medical records would preclude a finding that the listing requirements were met.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 17, is DENIED and Defendant's Motion for Summary Judgment, ECF 22, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] In his reply, Plaintiff seems to suggest that he had multiple lesions in 2013, citing the sentence, "There is extensive necrotic subcutaneous tissue noted including tendon and ligament." ECF 23 at 3 (quoting Tr. 478). However, the medical records are clear that Plaintiff had a single nonhealing ulcer during that time frame, although the affected tissue from the wound extended to both tendon and ligament. Tr. 478.